9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Harold T. PRENTZEL, Defendant-Appellee.
 No. 92-30420.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1993.
Decided Sept. 24, 1993.
As Amended on Denial of Rehearing
Jan. 24, 1994.
 
 Before: SCHROEDER, FLETCHER, and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Harold Prentzel appeals his conviction for manufacturing and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). He contends that the district court erred by failing to suppress evidence of marijuana that he was growing at his home. He also challenges a condition of supervised release imposed by the court.
 
 
 3
 The marijuana in question was seized pursuant to a search warrant. Prentzel does not challenge the sufficiency of the warrant, but the manner in which the police obtained probable cause that served as the predicate for the warrant. State troopers assigned to the drug investigation went to appellant's home after receiving a tip that he was growing marijuana there, and after verifying that an outstanding warrant had been issued for Prentzel's arrest in connection with a hit and run accident.
 
 
 4
 When officers arrived at Prentzel's residence, they observed a trailer with blacked out windows and a fast-paced electric meter. The officers believed these to be indicia of marijuana production. When the officers knocked on the door of the adjacent trailer that Prentzel apparently lived in, appellant opened the door and the officers testified they were struck immediately by the strong smell of marijuana. The officers then explained to appellant that they were there to arrest him on the hit and run warrant, and asked him to put on his shoes and a jacket so that he could accompany them to the station. The officers testified that appellant then attempted to close the door. Fearing that appellant would destroy evidence while inside, the officers pushed the door open and entered the trailer. Prentzel contends that the officers burst in without justification. The district court resolved this factual dispute in favor of the officers. The district court credited the testimony of the officers that they merely told appellant to gather suitable clothing for the freezing temperature outside. This finding was also corroborated by a tape recording of the conversation.
 
 
 5
 Appellant's principal contention on appeal is that the execution of the arrest warrant was an unlawful pretext to search for evidence of a marijuana grow. Appellant argues that the officers proceeded to his home for the sole purpose of obtaining evidence to support the alleged grow. Appellant further asserts that once there, the officers' order to get a coat was a ruse to then enter the trailer and search for evidence.
 
 
 6
 We affirm the district court's ruling. The district court found that probable cause to issue the search warrant existed on the basis of information obtained before the officers entered the trailer: the tip, the moisture on one of the trailers, the speeded-up meters, the well-worn path between the two trailers. Appellant has not shown that this finding was in error.
 
 
 7
 We note that the officers could have proceeded to Prenzel's home to investigate the tip they received even if they had not had a warrant for appellant's arrest. The fact that the officers did have such a warrant in their possession does not diminish the legitimacy of the investigation whey conducted before executing the warrant, even assuming that the execution itself was pretextual, and that the evidence the officers obtained in the course of executing the arrest warrant should have been excised from their application for a search warrant. Because the pre-execution investigation (a) was not dependent on any pretext, and (b) furnished sufficient information to sustain a finding of probable cause, we affirm the district court's denial of appellant's motion to suppress.
 
 
 8
 As part of his sentence, the district court required the defendant to participate in a program in mental health counseling recommended by the probation officer. The district court has broad discretion to set conditions of probation. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). Although the appellant contends that the record shows no evidence of serious mental impairment, the record does reflect a history of threatening language that caused reasonable fear on the part of the probation officer. The district court, believing that there was a serious risk that the defendant would endanger the safety of others, did not abuse its discretion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3